IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02: 06cv1426 |
| | ) | |
| UNITED STATES OF AMERICA, U.S. | ) | |
| DEPARTMENT OF HOMELAND | ) | |
| SECURITY, MICHAEL CHERTOFF, | ) | |
| Secretary of U.S. Department of Homeland | ) | |
| Security, and U.S. CITIZENSHIP AND | ) | |
| IMMIGRATION SERVICE, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER OF COURT**

Presently pending before the Court for disposition is the MOTION FOR LEAVE TO PROCEED IN PSEUDONYM filed by Plaintiff John Doe[1] (*Document No. 3*), and the RESPONSE IN OPPOSITION filed by Defendants (*Document No. 24*). For the reasons that follow, the Motion will be denied.

Federal Rule of Civil Procedure 10(a) requires that a complaint "include the names of all the parties." It makes no provision for pseudonymous litigation. The requirement of parties to disclose their identities furthers the interest of the public in knowing the facts surrounding judicial proceedings. *Does I Thru XXIII v. Advanced Textile Corp*., 214 F.3d 1058, 1067 (9th Cir. 2000). The United States Supreme Court has not expressly condoned this

---

[1] On October 26, 2006, Plaintiff, John Doe and his wife, Jane Doe, initiated this action with the filing of a Complaint and the instant Motion for Leave to Proceed in Pseudonym. However, the Amended Complaint, which was filed on April 19, 2007, names only one Plaintiff, John Doe, and specifically indicates that Jane Doe "is no longer a party to this action." Amended Complaint, n.1. Therefore, this Memorandum Opinion will refer only to Plaintiff, John Doe.

practice; though, it has permitted pseudonymous litigation to proceed without comment, *see, e.g., Roe v. Wade,* 410 U.S. 113 (1973), and federal appellate courts have permitted a party to proceed under a pseudonym when special circumstances warrant anonymity. *See., e.g., Roe v. Aware Woman Ctr. for Choice, Inc.,* 253 F.3d 678, 685-87 (11th Cir. 2001); *Does I through XXIII,* 214 F.3d 1058 (9th Cir. 2000); *James v. Jacobsen*, 6 F.3d 233 (4th Cir. 1993). However, "it is the exceptional case in which a plaintiff may proceed under a fictitious name." *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992). *See also James,* 6 F.3d 233; *Advanced Textile*, 214 F.3d at 1067.

Whether to allow a plaintiff to proceed anonymously is within the discretion of the trial court. *See Aware Woman Ctr.,* 253 F.3d at 684. Courts will permit a party to proceed under a pseudonym where "the party's need for anonymity outweighs prejudice to the opposing party and the public interest in knowing the party's identity." *Does I Through XXIII,* 214 F.3d at 1067. Among the factors courts have considered in balancing these competing interests are: (i) whether the plaintiff is challenging governmental activity or an individual's actions; (ii) whether the plaintiff's action requires disclosure of information of the utmost intimacy; (iii) whether the plaintiff would be compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution; (iv) whether identification would put the plaintiff at risk of suffering physical or mental injury; (v) whether the defendant would be prejudiced by allowing the plaintiff to proceed anonymously; (vi) the ages of the parties whose identity is to be suppressed; (vii) the extent to which the identity of the litigant has been kept confidential; (viii) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the plaintiff's identity; and (ix) the public interest

in guaranteeing open access to proceedings without denying litigants access to the justice system.[2]

Plaintiff, a member of a conservative Old Order Amish sect, argues that should his real name come to light, he may suffer excommunication, shunning or other severe community punishment as "the filing of a lawsuit is among the many practices forbidden by the 'Ordnung'."[3] Mot. at ¶ 4.  Significantly, however, the Court notes that this is <u>not</u> Plaintiff's first lawsuit in federal district court; in fact in April 2004, Plaintiff filed a Complaint for declaratory and injunctive relief and petition for writ of habeas corpus at Civil Action No. 04-cv-518 (W.D. Pa.).

Furthermore, fatal to Plaintiff's argument is the undisputed fact that Plaintiff's identity has not been kept confidential.  In his prior lawsuit, Plaintiff filed a nearly identical Motion to Proceed in Pseudonym, which Judge Alan N. Bloch denied on the merits and ordered that plaintiff's name be revealed for the remainder of the case.  Further, numerous newspaper articles associated with Plaintiff's prior case all mentioned Plaintiff's actual name.  *See* redacted articles attached to Defendants' Response as Exhibit "B."  Moreover, at no time during the public administrative proceedings before the immigration judge did Plaintiff attempt

---

[2] The first five factors were listed by the district court in *Doe v. Shakur,* 164 F.R.D. 359, 361 (S.D.N.Y. 1996); the sixth was noted in *James,* 6 F.3d at 238; the seventh and eighth were listed in *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 467 (E.D. Pa. 1997); and the last was noted in *EW v. New York Blood Center,* 213 F.R.D. 108 (E.D.N.Y. 2003).  This list of factors is not intended to be exhaustive, and its length suggests the breadth of the discretion to be exercised.

[3] "[T]he 'Ordung' is a body of communal regulations that cultivate group identity, cohesion, and order. . . . The 'Ordnung' sets forth 'the expected conduct of [the Amish] community,' and it is 'the guiding principle' of the Amish belief structure." Pl's Mot. at ¶ 4.

3

to conceal his name or alien number from public disclosure.  *See* redacted administrative record attached to Defendants' Response as Exhibit "C."

The Court finds and rules that Plaintiff has not demonstrated a valid basis for allowing him to proceed anonymously.  Plaintiff has not shown that he will be required to disclose any highly personal, intimate information in this case, or that denial of his motion will expose him to risk of injury.  Rather, Plaintiff argues that the risk of his name becoming public may expose him to excommunication, shunning or other severe community punishment.  However, the fact that Plaintiff's name has already been revealed in his previous lawsuit, administratively, and through the media, militates against ruling in his favor.

The Court certainly recognizes that Plaintiff's religious beliefs are personal and intimate matters; however Plaintiff's request for extraordinary relief is supported by little more than the speculative arguments of his counsel.  The Court, therefore, finds that this case does not present such an unusual situation in which the need for party anonymity outweighs the presumption of openness.

An appropriate Order follows.

                                                McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02: 06cv1426 |
| | ) | |
| UNITED STATES OF AMERICA, U.S. DEPARTMENT OF HOMELAND SECURITY, MICHAEL CHERTOFF, Secretary of U.S. Department of Homeland Security, and U.S. CITIZENSHIP AND IMMIGRATION SERVICE, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER OF COURT**

AND NOW, this 11th day of June, 2007, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** that the Motion for Leave to Proceed in Pseudonym filed by Plaintiff John Doe is **DENIED.**

It is further **ORDERED** that on or before June 22, 2007, Plaintiff shall file an amended complaint to reflect his true name.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:  Michael H. Sampson, Esquire
     Reed Smith
     Email: msampson@reedsmith.com

     Jessica Lieber Smolar,
     Assistant U.S. Attorney
     Email: jessica.smolar@usdoj.gov